UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PLANTATION BOTANICALS, INC.,
a Florida corporation

                Plaintiff,

vs.                              Case No.  2:06-cv-103-FtM-99SPC

EUROMED USA, INC. A foreign
corporation registered in the State
of Pennsylvania, and JOSEPH
VEILLEUX, individually,

                Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Joseph Veilleux's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #5), filed on March 1, 2006.  Plaintiff filed its Memorandum in Opposition (Doc. #12-1) on March 15, 2006.

**I.**

Plaintiff filed a one count Complaint (Doc. #2) alleging libel per se, in which defendant Joseph Veilleux ("Veilleux") is sued "individually."  The Complaint sets forth the following allegations: Plaintiff, Plantation Botanicals, Inc. ("Plantation") is a Florida corporation located in Hendry County, Florida (Doc. #2, ¶2) that grows and produces Saw Palmetto berries in Florida (Id. at ¶3).  Euromed USA, Inc. ("Euromed") is a foreign

corporation registered in the State of Pennsylvania (Id. at ¶4), and Veilleux is an officer Euromed (Id. at ¶5). Euromed grows and produces Saw Palmetto in Okeechobee County, Florida (Id. at ¶6).

On or about October 27, 2005, "Defendants" made statements that were published on NUTRA USA's internet website, www.nutraingredients.com (Id. at ¶10). The Complaint does not state where the statements were made, only that they were published on the website. The Complaint alleges that the following false, scandalous and defamatory statements about Plantation were published in the website article: (1) "This gave the processors operating in Florida control of supply and prices, which Villeux claims were fixed at exorbitant costs;" (2) "They really took advantage of the hurricanes to rachet up their prices by five to tenfold. But even though we've had a record number of hurricanes this year, we've had no problems getting berries;" and (3) "Veilleaux claims that the Florida processors had a cartel-like grip on supply and has restricted growth in the extract in recent years." (Id. at ¶11 and p.4.) The article on the website was accessible and read in Florida. (Id. at ¶12.)

## II.

After reviewing the Complaint (Doc. #2) and its attachment, defendant's Motion and memorandum, plaintiff's response and affidavit, the Court exercises its discretion and determines that an evidentiary hearing is not warranted. In this circumstance, plaintiff must establish a prima facie case of personal

-2-

jurisdiction over the nonresident defendants. <u>Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino</u>, 447 F.3d 1357, 1360 (11th Cir. 2006). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." <u>United States Sec. & Exch. Comm'n v. Carrillo</u>, 115 F.3d 1540, 1542 (11th Cir. 1997)(quoting <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990))(citations omitted). Plaintiff bears "the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" <u>Posner v. Essex Ins. Co., Ltd.</u>, 178 F.3d 1209, 1214 (11th Cir. 1999)(quoting <u>Venetian Salami Co. v. Parthenais</u>, 554 So. 2d 499, 502 (Fla. 1989)). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentations by the moving party." <u>S & Davis Int'l, Inc. v. The Republic of Yemen</u>, 218 F.3d 1292, 1303 (11th Cir. 2000).

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." <u>Molina v. Merrritt & Furman Ins. Agency, Inc.</u>, 207 F.3d 1351, 1355 (11th Cir. 2000). The applicable legal standards for considering issues of personal jurisdiction have been summarized in <u>Nippon Credit Bank Ltd. v. Matthews</u>, 291 F.3d 738,

746-48 (11th Cir. 2002), Meier v. Sun Intern, 288 F.3d 1264, 1269 (11th Cir. 2002), and D.W. Mercer, Inc. v. Valley Fresh Produce, Inc., 146 F. Supp. 2d 1274 (M.D. Fla. 2001), and need not be repeated here.  In brief, the Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment.  Meier, 288 F.3d at 1269.

### III.

Defendant Veilleux, by special appearance, contends that the Court lacks personal jurisdiction over him and that the claims against him must be dismissed because plaintiff failed to make any allegations which justify the exercise of personal jurisdiction. The Court agrees, and finds that the Complaint fails to plead the factual basis for personal jurisdiction over Veilleux under Florida's long-arm statute, and in any event an extension of jurisdiction under the facts alleged would violate due process.

Plaintiff relies upon four allegations in the Complaint to establish personal jurisdiction over Veilleux: the three "false, scandalous and defamatory statements" listed above, and the fact that the article on NutraIngredients.com's website was accessible and read in the state of Florida.  The content of the allegedly defamatory statements says nothing about personal jurisdiction. While speaking about activities in Florida, there are no factual allegations concerning where defendant was when he made the

-4-

statements.  Saying bad things about a Florida company does not per se establish personal jurisdiction in Florida, and if it did due process requirements would be violated.  While the website was accessible and read in Florida, there is no allegation that defendant caused the statements to be placed on the website.  Merely being quoted in a publication which is accessible and read in Florida is insufficient to confer personal jurisdiction in Florida or component with notions of due process.

Accordingly, it is now

**ORDERED**:

Defendant Joseph Veilleux's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #5) is **GRANTED** and this case is dismissed **without prejudice** as to Joseph Veilleux.  Plaintiff may file an Amended Complaint, which includes all claims against both defendants, within **twenty (20) days** of the date of this Order, if it believes personal jurisdiction can be alleged.

**DONE AND ORDERED** at Fort Myers, Florida, this   17th   day of August, 2006.

_____
JOHN E. STEELE
United States District Judge